IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 05-02800 |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ERVIN, et al., | : | |
| | : | |
| Defendants. | : | |

Stengel, J.                                                                         March 2, 2006

**MEMORANDUM AND ORDER**

Plaintiff Allstate Insurance Company ("Allstate") brings this diversity action seeking a declaratory judgment clarifying whether it has a duty to defend or indemnify defendants William Ervin, Wilma Ervin, William D. Ervin, and Daniel Ervin (collectively "Defendants") under a homeowner's insurance policy. Presently before the Court are Allstate's Application for Entry of Default Judgment (Docket No. 8) and Defendants' mischaracterized Motion for Relief of Default Judgment (Docket No. 10).[1] For the reasons described below, I will set aside the entry of default. However, any further dilatory behavior by Defendants shall result in the imposition of punitive sanctions.

---

[1] Defendants' motion erroneously seeks to set aside a judgment by default pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Court has not yet entered judgment by default and Defendants' motion is therefore mislabeled. I will treat Defendants' filing as a Motion to Set Aside Entry of Default pursuant to Rule 55(c), and will refer to Defendants' motion as a "Motion to Set Aside Entry of Default" throughout the remainder of this Memorandum and Order.

1

**I.     BACKGROUND**

On June 9, 2005, Allstate commenced this lawsuit seeking a declaratory judgment under 28 U.S.C. § 2201 that it does not owe a duty to defend or indemnify Defendants in the underlying state court lawsuit.[2]  The current lawsuit arises out of an action pending in the Pennsylvania Court of Common Pleas for Delaware County, wherein Brett Rigney filed a civil complaint against Defendants for injuries suffered during a party at the Ervin residence (the "Underlying Complaint").  The Underlying Complaint alleges that defendants William Ervin and Wilma Ervin, husband and wife, held a party at their home and knowingly served alcoholic beverages to underage visitors, including their sons Daniel Ervin and William D. Ervin.  The Underlying Complaint further alleges that Daniel Ervin and William D. Ervin became intoxicated at the party and thereafter physically assaulted Brett Rigney, causing him to sustain serious injuries.  Allstate is currently defending Defendants in the underlying lawsuit, but seeks declaratory relief in this case relieving it from its duty to defend or indemnify Defendants and allowing it to withdraw its appearance on their behalf.

On October 26, 2005, Defendants waived service of process in this case pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  Defendants were therefore required to answer or otherwise respond to the Complaint on or before November 25, 2005.  After

---

[2] Section 2201 provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.

Defendants failed to file a timely response to the Complaint, Allstate requested an entry of default. The Clerk of Court entered the default on December 6, 2005. Allstate filed its Application for Entry of Default Judgment presently before the Court on January 6, 2006. Defendants filed an Answer on the same day, and filed their Motion to Set Aside Entry of Default on January 27, 2006. Defendants' motion alleges that they failed to respond to the Complaint because (1) defense counsel underwent knee surgery and was confined to his home throughout the month of December; and (2) they did not receive a demand for the prompt filing of an Answer from Allstate until December 30, 2005.

## II.    STANDARD OF REVIEW

District courts may set aside an entry of default for "good cause shown" under the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(c). The Third Circuit has promulgated four factors that district courts must consider when deciding whether to set aside an entry of default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987) (citations omitted). The Third Circuit overtly disfavors default judgments, and "in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987) (citations omitted).

### III.    DISCUSSION

#### A.    Prejudice to Allstate

First, I must determine whether setting aside the entry of default will prejudice Allstate in any appreciable way.  The prejudice element of Rule 55(c) requires a loss of relevant evidence, an increased potential for fraud, or some other occurrence materially impairing the plaintiff's claims.  See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 658 (3d Cir. 1982).  Mere delay in satisfying a claim "rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding."  Id. at 657-58.  In other words, the prejudice factor articulated by the Sambrick court requires a significant potential injury to the plaintiff's ability to litigate his or her claim.

Here, there has been no showing of any of the prejudice concerns propounded by the Third Circuit in Feliciano.  Allstate has not alleged any facts demonstrating that its ability to litigate its claim will be affected by setting aside the entry of default.  Furthermore, several months delay, without more, does not establish prejudice to Allstate under Rule 55(c).  See Dizzley v. Friends Rehab. Program, Inc., 202 F.R.D. 146, 147-48 (E.D. Pa. 2001).  Accordingly, I find that the first Sambrick factor weighs in favor of setting aside the entry of default.

### B.   Defendants' Meritorious Defense

The second Sambrick factor requires an examination as to whether Defendants have raised a meritorious defense.  A defense is "meritorious" when it would completely bar a plaintiff's recovery if established at trial.  Momah v. Albert Einstein Med. Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995) (citation omitted).  Rule 55(c) does not require the defaulting party "to prove beyond a shadow of a doubt that [it] will win at trial," but instead merely requires that the party show "that [it has] a defense to the action which at least has merit on its face."  Jackson v. Delaware County, 211 F.R.D. 282, 284 (E.D. Pa. 2002) (citations omitted); Dizzley, 202 F.R.D. at 148 (citation omitted).  The defaulting party, however, must present specific facts demonstrating the facial validity of its defense. See $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

In the instant case, the belatedly-filed Answer denies each of the counts alleged in the Complaint and raises five affirmative defenses.  The affirmative defenses proffered by Defendants are (1) failure to state a claim upon which relief may be granted; (2) bad faith pursuant to 42 PA. CONS. STAT. § 8371[3]; (3) that Defendants have denied all of the

---

[3]Section 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
>> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>>
>> (2) Award punitive damages against the insurer.
>>
>> (3) Assess court costs and attorney fees against the insurer.
>
> 42 PA. CONS. STAT. § 8371.

5

negligence allegations contained in the underlying lawsuit; (4) waiver or estoppel because Allstate has already hired defense counsel to represent Defendants; and (5) ripeness. Each of these affirmative defenses, however, is a general denial of liability rather than the factually-specific "meritorious" defense required by Sambrick.  Neither the Answer nor the Motion to Set Aside Entry of Default raises any specific facts demonstrating that Defendants could present a complete defense to Allstate's claims at trial.  As a result, I find that this factor weighs against setting aside the entry of default.  But see Mike Rosen & Assocs. P.C. v. Omega Builders, Ltd., 940 F. Supp. 115, 121 (E.D. Pa. 1996) ("Where default judgment has not been entered, courts in this circuit seem unwilling to deny the motion to set side entry of default solely on the basis that no meritorious defense exists").

      **C.**    **Culpableness of Defendants' Behavior**

In the context of Rule 55(c), "culpable conduct" refers to dilatory behavior that is willful or taken in bad faith.  Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123-24 (3d Cir. 1983) (citing Feliciano, 691 F.2d at 657).  The Third Circuit has noted that while intentional or reckless disregard of communications from an opposing party or the court may satisfy the culpable conduct standard, something "more than mere negligence must be demonstrated."  Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984).

In this case, Defendants assert two reasons for their failure to respond to the Complaint:  (1) defense counsel was confined to his home for the entire month of December because of knee surgery; and (2) defense counsel did not receive a demand for

the prompt filing of an Answer from Allstate until December 30, 2005. While defense counsel's failure to respond, request an extension, or have another attorney assist him in this matter may constitute negligence, there has been no showing of willful dilatory behavior or bad faith. Moreover, the fact that defense counsel has attempted to correct his mistake by filing the Answer lends support to the conclusion that he did not act willfully or in bad faith. As a result, I believe that this factor weighs in favor of setting aside the entry of default.

### D.      Effectiveness of Other Sanctions

Finally, I must consider whether alternative sanctions would be effective in deterring similar behavior by Defendants in the future. Other courts in the Eastern District of Pennsylvania have used the final <u>Sambrick</u> factor to impose monetary sanctions compensating the non-defaulting party for the time and effort involved in opposing the Rule 55(c) motion. <u>See, e.g.</u>, <u>Foy v. Dicks</u>, 146 F.R.D. 113, 117-18 (E.D. Pa. 1993) (imposing monetary sanction to compensate plaintiff and as a "wake-up call" to defendant). In cases where the defaulting party has responded quickly to an entry of default, however, courts in this district have been willing to set aside the entry of default without imposing punitive sanctions on that party. <u>See, e.g.</u>, <u>Jackson</u>, 211 F.R.D. at 284-85 (declining to impose punitive sanctions because defendants filed a response just seven days after the Clerk of Court entered default and because no evidence of bad faith).

Here, Defendants filed their Answer one month after the Clerk of Court entered default and filed their Motion to Set Aside Entry of Default 21 days after filing the Answer.  Professional competence and the Federal Rules of Civil Procedure demand that attorneys respond to filings in the time allotted.  After considering Defendants' explanation for their failure to respond, and the fact that Defendants do not appear to have acted in bad faith, I will not impose sanctions at this juncture.  Any additional dilatory behavior by Defendants, however, will result in the imposition of sanctions.

**IV.     CONCLUSION**

For the reasons described above, I find that the Sambrick factors weigh in favor of setting aside the entry of default in this case.  While I will not impose sanctions at this time, any further dilatory behavior on the part of Defendants in this litigation will result in the imposition of punitive sanctions.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 05-02800 |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ERVIN, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this   2nd   day of March, 2006, upon consideration of the Application of Plaintiff Allstate Insurance Company for Entry of Default Judgment Against Defendants Pursuant to F.R.C.P. 55(b)(2) (Docket No. 8) and Defendants' Motion to Set Aside Entry of Default (Docket No. 10), it is hereby **ORDERED** that Plaintiff's motion is **DENIED** and Defendants' motion is **GRANTED**. The Clerk of Court shall vacate the entry of default against defendants William Ervin, Wilma Ervin, William D. Ervin, and Daniel Ervin.

BY THE COURT:


  /s Lawrence F. Stengel
LAWRENCE F. STENGEL, J.